UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRUCE KATZ, M.D., P.C
individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

ADVANCED DIAGNOSTIC
SOLUTIONS LLC,

        Defendant.
_____/

Case No.

**CLASS ACTION**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiff Bruce Katz, M.D., P.C. brings this class action against Defendant Advanced Diagnostic Solutions LLC ("Defendant") and alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its counsel.

## NATURE OF THE ACTION

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), arising from Advanced Diagnostic's fax advertisements without recipients' consent.

2. Advanced Diagnostic sent facsimiles offering promotions, in the instance of the Plaintiff's contact, its diagnostic products and services.

3. Advanced Diagnostic offers services on medical equipment that it also leases.

4. Through this action, Plaintiff, a medical practice that received Defendant's fax advertisement, seeks injunctive relief to halt Defendant's illegal conduct which has resulted in Plaintiff's and the Class's loss of time, invasion of privacy, loss of use of their fax machines, and other costs

1

associated with receiving faxes. Plaintiff also seeks statutory damages of between $500 and $1,500 per violation on behalf of itself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute for which there is federal question jurisdiction.

6. Venue is proper in pursuant to 28 U.S.C. § 1391(b) because Defendant's tortious conduct against Plaintiff was directed to this District.

## PARTIES

7. Plaintiff Bruce Katz, M.D., P.C. is a New York corporation located in this District.

8. Defendant Advanced Diagnostic Chemistries Corp. is a New York limited liability company with its principal place of business in Rye, NY.

## THE TCPA

9. In 1991, Congress enacted the TCPA in response to a growing number of complaints regarding certain telemarketing practices.

10. The TCPA forbids sending unsolicited advertisements for goods or services via facsimile ("Junk Faxes") without the recipients' prior express invitation or permission and to recipients with whom the sender does not have a established business relationship. 47 U.S.C. § 227(b)(1)(C).

11. The TCPA requires that even those fax advertisements being sent to those with whom the advertiser has an established business relationship, include an opt-out notice ("Opt-Out Notice"). *Id.* § 227(b)(2)(D).

12. In order to comply with the TCPA's Opt-Out Notice requirements, each fax advertisement must include all of the following:

    a) clear and conspicuous language on the first page stating that recipients may request that the sender not send any unsolicited advertisements and informing recipients that failure to comply with such a request within the shortest reasonable time, as determined by the FCC, is unlawful;

    b) a toll free phone that the recipient may use to submit a request to cease transmitting fax advertisements to the recipient; and

    c) a facsimile number that a recipient may use to submit a request to cease transmitting fax advertisements to the recipient.

47 U.S.C. § 227(b)(1)(C); 47 C.F.R. § 64.1200(a)(4)(iii)-(v).

13. The TCPA provides a private right of action to recipients of Junk Faxes. 47 U.S.C. § 227(b)(3).

## FACTS

14. Defendant is a manufacturer and lessor of medical equipment.

15. Advanced Diagnostic also provides training and services of the products it leases.

16. Defendant's business model includes marketing those products through facsimile advertisements.

17. Recipients of Defendant's Junk Faxes have never consented to receive them and that have no preexisting business relationship with Defendant.

18. Plaintiff is, and at all relevant times has been, a "person" as defined by 47 U.S.C. § 153(39).

19. On April 7, 2021 the Plaintiff received the below fax on its fax machine (212) 421-XXXX:

FROM: 845-528-0923 TO: 12124219502                                04/07/21 09:41 Pg 1 of 1

# If There Is No Early Diagnosis, Then There Is No Timely Treatment

## Post COVID 19 Opportunity

### A "WIN WIN" Situation for your Practice & Patients



**A WIN FOR YOUR PATIENTS:**
**Early Diagnosis = Timely Treatment**

- ✔ Quick assessment of autonomic and vascular complications
- ✔ Covered by most insurance
- ✔ Recommended for diabetic patients with symptoms
- ✔ Recommended for patients over 50 with symptoms of small fiber neuropathy

 

**A WIN FOR YOUR PRACTICE:**
**Simple To Administer!**

- ✔ No Special Tech Needed
- ✔ Quick 6-7 Minute Test
- ✔ Clear And Accurate Reports
- ✔ Excellent Reimbursement



ADS Provides On-Site Training & Service

**To Help Your Practice Recover from the Financial Effects of COVID 19**

**FIRST 6 LEASE PAYMENTS DEFERRED**

## ADVANCED DIAGNOSTIC SOLUTIONS

1 - **No Obligation in Office Demonstration**
2 - **Special Introductory Pricing** (valid for a limited time)
3 - **FREE 1 Year Warranty** (Present Postcard at Demo)

### Don't Miss Out on this _Limited Time Tax Benefit_
### CALL NOW!
### 914-329-4955 or 914-310-7297

20.     The fax constitutes an "unsolicited advertisement" because it advertises medical

equipment for lease and service.

21. Indeed, the fax promotion offers that the first six lease payments on this medical equipment can be deferred.

22. The content of the fax is otherwise generic.

23. The fax does not contain an Opt Out Notice.

24. Plaintiff has never been a customer of the Defendant.

25. Plaintiff is the owner of the fax machine at which Defendant's unsolicited fax advertisement was received.

26. Defendant's fax advertisement caused Plaintiff actual harm, including the monetary costs associated with receiving faxes, invasion of privacy, aggravation and annoyance.

27. Defendant's fax advertisement also inconvenienced Plaintiff and wasted its time.

## **CLASS ALLEGATIONS**

28. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3), on behalf of itself and all others similarly situated.

29. Plaintiff brings this case on behalf of a Class defined as follows:

> All persons and entities to whom: (a) Advanced Diagnostic and/or a third party acting on Defendant's behalf sent one or more faxes (b) for the purposes of obtaining contact information in order to send marketing materials to them (c) at any time in the period that begins four years before the date of filing this complaint and ends at the date of trial.

30. Exclusions: Excluded from the Class are Advanced Diagnostic, any entity in which Advanced Diagnostic have a controlling interest or that has a controlling interest in Advanced Diagnostic, Defendant's legal representatives, assignees, and successors, the judges to whom this case is assigned and the immediate family members of all of the foregoing.

31. Numerosity.  The Class are so numerous that joinder of all members is impracticable. On information and belief, judging from the generic nature of the fax, each Class

has more than 100 members. It will be more efficient for the Court and the parties to resolve these alleged violations of the TCPA in one fell swoop than in hundreds or thousands of individual trials.

32. <u>Commonality</u>. There are many questions of law and fact that have the same answer for all class members and the answers to which will be determinative of the outcome of the litigation. That is no surprise, given the generic nature and content of the fax. The common questions include:

> Who sent the faxes?
>
> Did Advanced Diagnostic send the faxes in order to make sales?
>
> Did the faxes contain a compliant Opt-Out Notice?
>
> Did Advanced Diagnostic have a practice of obtaining consent before sending facsimile advertisements?
>
> Did the faxes violate the TCPA?
>
> Were Defendant's violations knowing or willful?
>
> Should Advanced Diagnostic be enjoined from sending unsolicited facsimile advertisements?

33. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff's claims and the claims of the Class arise from identical or similar boilerplate faxes and are based on the same provisions of the TCPA.

34. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including TCPA class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. The interests of Plaintiff and his counsel are aligned with those of the proposed Class.

35. <u>Predominance</u>. Advanced Diagnostic have engaged in a telephonically routinized course of conduct toward Plaintiff and members of the Class. The common issues arising from this repetitive conduct that affect Plaintiff and members of the Class predominate over any individual issues.

36. <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Class in individually controlling the prosecution of separate claims against Advanced Diagnostic are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

37. <u>Injunctive and Declaratory Relief is Appropriate</u>.  Advanced Diagnostic have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis.

## COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(C)

38. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

39. It is a violation of the TCPA to use a fax machine, computer, or other device to send an unsolicited advertisement to a fax machine.

40. Advanced Diagnostic used a fax machine, computer, or other device to send unsolicited fax advertisements to Plaintiff and other members of the Class, or others did so on their behalf.

41. These faxes were sent without regard to whether Advanced Diagnostic had first obtained express invitation or permission from the recipients to send such faxes. In fact, Advanced

Diagnostic did not have prior express invitation or permission from Plaintiff or other members of the putative Class when its faxes were transmitted.

42. Advanced Diagnostic have, therefore, violated § 227(b)(1)(C) of the TCPA. In fact, Advanced Diagnostic knew or should have known that its conduct as alleged herein violated the TCPA, because Advanced Diagnostic knew that it did not have prior express invitation or permission to send fax advertisements to Plaintiff and the Class.

43. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation. Plaintiff and the class are also entitled to an injunction against future fax advertisements.

**WHEREFORE**, Plaintiff, on behalf of itself and the other members of the Class, prays for the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c. An injunction prohibiting Advanced Diagnostic from transmitting fax advertisements without the prior express invitation or permission of the recipient;

d. An award of statutory damages or trebled statutory damages; and

e. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: September 13, 2021

                Respectfully submitted,

                */s/ Anthony I. Paronich*
                Anthony I. Paronich
                Paronich Law, P.C.
                350 Lincoln Street, Suite 2400
                Hingham, MA 02043
                (508) 221-1510
                anthony@paronichlaw.com
                *Subject to Pro Hac Vice*

                *Counsel for Plaintiff and the putative Class*